UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WOHALI OUTDOORS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-0773-CVE-PJC |
| | ) | |
| SHELTERED WINGS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion to Remand and Brief in Support (Dkt. # 16). Defendant Sheltered Wings, Inc. (Sheltered Wings) removed this case from the District Court of Tulsa County, State of Oklahoma, on December 2, 2013, on the basis of federal question jurisdiction. Dkt. # 2. Wohali Outdoors, LLC (Wohali) argues that removal was improper because its petition pleads only state law claims that do not necessarily raise any federal issues. Dkt. # 16. Sheltered Wings responds that removal was proper because Wohali's petition necessarily raises a federal issue that is actually disputed and substantial. Dkt. # 29.

**I.**

Sheltered Wings operates the Eagle Optics business,[1] which sells binoculars and spotting scopes. Dkt. # 29, at 2. Wohali deals in outdoor sporting goods. Id. "On January 11, 2011, Wohali's Steel Eagle mark was registered . . . ." Dkt. # 2, at 7; see also Dkt. # 29, at 3. Subsequently, Sheltered Wings applied for the mark "Eagle." Dkt. # 2, at 7; Dkt. # 29, at 3. That

---

[1] Eagle Optics, Inc., a wholly owned subsidiary of Sheltered Wings that was established in December 2013, "now holds title to the marks at issue in this dispute." Dkt. # 29, at 2.

application was rejected. Dkt. # 2, at 7; Dkt. # 29, at 3. Sheltered Wings then filed a suit against Wohali in the Western District of Wisconsin in April 2011. Dkt. # 2, at 7; Dkt. # 29, at 3. That suit sought injunctive relief, damages, and the cancellation of the Steel Eagle mark. Dkt. # 2, at 7. The suit was later dismissed without prejudice. Id.; Dkt. # 29, at 3.[2]

On October 10, 2011, Sheltered Wings filed a petition in cancellation with the Trademark Trial and Appeal Board, an administrative board under the authority of the United States Patent and Trademark Office (USPTO), and moved to cancel the Steel Eagle mark. Dkt. # 2, at 7; Dkt. # 29, at 3. The petition in cancellation was based upon five of Sheltered Wings's pleaded marks.[3] Dkt. # 2, at 7-8. On August 24, 2012, Sheltered Wings "moved to amend its [petition in cancellation] and admitted that as to three of its pleaded marks, [Sheltered Wings] could not maintain any claims." Id. at 8. Additionally, the USPTO rejected the application for one of the pleaded marks. Id. To address the USPTO's concerns, Sheltered Wings "stated that the term 'Eagle' with respect to optics is a weak mark." Id.

On November 3, 2011, Wohali filed another application to register Steel Eagle. Id. Sheltered Wings filed a notice of opposition on May 16, 2012. Id. On July 23, 2012, Wohali filed a separate application to register Steel Eagle. Id. On January 11, 2013, Sheltered Wings filed a notice of opposition to that application. Id. Additionally, subsequent to the November 3, 2011, application, Sheltered Wings filed multiple applications for marks utilizing the term "Eagle." Id.

---

[2]   After the filing of the state court petition in this case but before removal, Sheltered Wings filed a new action in federal court in Wisconsin. Dkt. # 29, at 4 & n.4.

[3]   Wohali denies both the validity and existence of each of those pleaded marks. Dkt. # 2, at 8.

Wohali filed the petition in this case in the District Court of Tulsa County on October 31, 2013. Dkt. # 2. Wohali alleges that Sheltered Wings's complaint in its 2011 Wisconsin federal suit contained "false misrepresentations [sic]." Id. at 7. Wohali alleges that, in the 2011 Wisconsin federal suit and in the cancellation proceeding, Sheltered Wings has claimed in bad faith that the term "Eagle" is not a weak mark with respect to optics. Id. at 8. Wohali alleges that Sheltered Wings "has made false representations in an effort to harm Wohali and maliciously interfere with the business of Wohali." Id. Wohali argues that both notices of opposition were maliciously filed in bad faith with the purpose of harming Wohali. Id. Wohali asserts that the applications utilizing the term "Eagle" that were filed after Wohali's November 3, 2011, application were filed in bad faith and in an effort to harm Wohali. Id. Wohali states that Sheltered Wings's principals admit that Sheltered Wings has made false and misleading statements concerning its pleaded marks. Id. at 8-9. Wohali alleges that Sheltered Wings "has interfered with the business relations and expectancy of Wohali." Id. at 9. It also alleges that Sheltered Wings "has made false statements and performed malicious and unjustified acts with the purpose of causing Wohali harm and to unlawfully coerce and extract concessions from Wohali." Id. Wohali asserts that Sheltered Wings has made false representations to others to coerce them into making concessions or to cease doing business. Id.

Wohali raises five state law claims against Sheltered Wings in its state court petition in this case: malicious interference with business relations, intentional interference with business relations, interference with prospective economic advantage, abuse of process, and malicious prosecution. Id. at 9-14. In support of its malicious interference with business relations, intentional interference with business relations, and interference with prospective economic advantage claims, Wohali asserts that it had business relations and an expectancy of which Sheltered Wings was aware, that

3

Sheltered Wings interfered with Wohali's right to conduct business and its expectancy (e.g., "by filing and pursuing bogus proceedings"), that Sheltered Wings intended to harm Wohali, that Sheltered Wings's actions were intentional and with malice (or, in the alternative, were made with reckless disregard of Wohali's rights), that Wohali suffered damages, and that Sheltered Wings's interference was not privileged, excusable, or justified. Id. at 9-12. In support of its abuse of process claim, Wohali asserts that Sheltered Wings brought its actions challenging the Steel Eagle mark for an ulterior purpose, that the true purpose of bringing the actions was one for which the process was not designed, that the purpose was to interfere with Wohali's business relations, contractual relations, and expectancy with the purpose of harming Wohali, that Sheltered Wings's actions were intentional and malicious, that Wohali suffered damages, and that the actions were not privileged or justified. Id. at 12-13. In support of its unfair competition claim, Wohali asserts that Sheltered Wings interfered with Wohali's business relations, contractual relations, and expectancy, that there was no justification for Sheltered Wings's interference, that Wohali suffered damages, and that the interference was intentional and with malice (or, in the alternative, was done in reckless disregard of Wohali's rights). Id. at 13-14.

Wohali seeks monetary damages "in an amount greater than ten thousand dollars, and less than the amount required for diversity jurisdiction" or, in the alternative, nominal damages. Id. at 14. Wohali also seeks punitive damages, injunctive relief precluding Sheltered Wings from performing malicious and unlawful acts, attorney fees, interest, costs, and expenses. Id.

Sheltered Wings removed the case to this court on December 2, 2013, on the basis of federal question jurisdiction. Dkt. # 2. Sheltered Wings asserted that Wohali's petition is predicated on federal trademark law and that the determination of federal trademark issues is necessary to

4

adjudicate Wohali's claims. Id. at 2-3. A motion to remand was filed on November 12, 2013. Dkt. # 16. In it, Wohali argues that all of its claims are based upon state law, that they do not give rise to federal question jurisdiction, that disputes relating the validity of the Steel Eagle trademark relate solely to defenses that Sheltered Wings may raise, and that those disputes are not pure issues of law. Id. at 3, 5. Wohali also requests that attorney fees, costs, and expenses be awarded in its favor. Id. at 6. Sheltered Wings responds that removal was proper and no attorney fees should be awarded because Wohali's petition necessarily raises a federal issue that is actually disputed and substantial. Dkt. # 29. Wohali has replied. Dkt. # 31.

## II.

Federal courts have subject matter jurisdiction to hear "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. When deciding whether a case arises under federal law, the court must follow the well-pleaded complaint rule, "under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Federal courts do not have subject matter jurisdiction when a federal law issue arises only as a defense to plaintiff's claims. Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10-11 (1983). The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Removal statutes are construed narrowly and defendant bears the burden to prove the existence of federal subject matter jurisdiction. Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005); Martin v. Franklin Capital Corp., 251 F.3d 1284,

5

1289-90 (10th Cir. 2001). "[G]iven the limited scope of federal jurisdiction, there is a presumption against removal, and courts must deny such jurisdiction if not affirmatively apparent on the record." Okla. Farm Bureau Mut. Ins. Co. v. JSSJ Corp., 149 F. App'x 775, 778 (10th Cir. 2005).[4]

### III.

**A. Remand**

In its motion to remand, Wohali argues that "removal was improper because there is no federal question supporting removal." Dkt. # 16, at 1. Wohali asserts that it pled only state law claims that "do not give rise to federal question jurisdiction." Id. at 3. Sheltered Wings bears the burden of proving the existence of federal question jurisdiction. Pritchett, 420 F.3d at 1094-95. Sheltered Wings acknowledges that Wohali has pled only state law claims, but argues that Wohali's claims necessarily raise substantial federal questions and are removable on the basis of "arising under" jurisdiction. Dkt. # 29, at 1, 5. "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." Id. The determinative factor is whether the state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314.

---

[4] This decision is not precedential, but is cited for its persuasive value. See Fed. R. App. 32.1; 10th Cir. R. 32.1.

Sheltered Wings argues that Wohali has raised a federal issue because an element of Wohali's claims is that Sheltered Wings's actions were not excusable, privileged, or justified. Id. at 4; see Green Bay Packaging, Inc. v. Preferred Packaging, Inc., 932 P.2d 1091, 1096 (Okla. 1996) (stating that an element of the claim of malicious interference with business relations is that the interference "was neither justified, *privileged* nor excusable") (quoting Morrow Dev. Corp. v. Am. Bank & Trust Co., 875 P.2d 411, 416 (Okla. 1994)) (emphasis in original).[5] Sheltered Wings asserts that, as a trademark owner, it has a qualified privilege to assert it rights in litigation and to threaten enforcement. Dkt. # 29, at 6. Sheltered Wings states that Wohali will, therefore, have to negate Sheltered Wings's privilege in order to satisfy all the elements of its claims. Id. Sheltered Wings argues that proving that its actions were not privileged will necessarily require determining whether federal statutes and administrative rules were followed by both parties. Id. However, privilege can be lost if the defendant's "underlying motive is principally to harm another." Green Bay Packaging, 932 P.2d at 1096. A showing that Sheltered Wings's underlying motive was principally to harm

---

[5] In its notice of removal, Sheltered Wings also asserts that a "central issue" is whether Wohali is entitled to the Steel Eagle mark and whether Wohali can obtain additional registrations. Dkt. # 2, at 2-3. However, Sheltered Wings does not advance this argument in its response to Wohali's motion to remand, beyond asserting that a lack of entitlement to the registration of the Steel Eagle trademark results in its challenges being privileged. Dkt. # 29, at 7-8. Presumably, this is because the essential elements of the torts alleged by Wohali do not require that Wohali be entitled to the Steel Eagle mark or additional registrations. Indeed, Sheltered Wings acknowledges that Wohali's petition "will not resolve the underlying trademark dispute between the parties" and that the Court "need not resolve . . . whether Wohali infringes Sheltered Wings's trademarks." Id. at 4-5. Sheltered Wings has not met its burden of demonstrating that this "central issue" establishes federal question jurisdiction.

7

another does not necessarily require an analysis or application of federal law.[6] Wohali is able to establish the essential elements of its claims without raising an issue of federal law. Any evidence that Sheltered Wings was following federal statutes and administrative rules may be raised as a defense by Sheltered Wings, but a defense cannot give rise to federal question jurisdiction. See Caterpillar Inc., 482 U.S. at 399 ("Congress has long since decided that federal defenses do not provide a basis for removal."). Because Sheltered Wings has not met its burden of establishing that federal question jurisdiction exists, the case should be remanded to Tulsa County, Oklahoma.

**B. Attorney Fees**

Wohali has requested attorney fees, costs, and expenses if this case is remanded. Dkt. # 16, at 6. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The standard for awarding fees under 28 U.S.C. § 1447(c) turns on the "reasonableness" of a defendant's decision to file a notice of removal, and, when a defendant has an objectively reasonable basis to seek removal, attorney fees should not be awarded. Martin, 546 U.S. at 141. Wohali argues that Sheltered Wings's removal was objectively unreasonable. Dkt. # 31, at 7. However, while Wohali's

---

[6] For example, whether conduct was privileged or not may be determined by balancing the following factors:
    1. The nature of the Party's conduct;
    2. The Party's motives;
    3. The interests of the Party with which another party's conduct interfered;
    4. The interests sought to be advanced by a Party;
    5. The social interests in protecting the freedom of action of a Party and the contractual interests of the Parties;
    6. The proximity or remoteness of a Parties [sic] conduct to the interference claimed by a party; and,
    7. The relationship among the Parties and the entity or entities which have a relationship with the Parties.
Green Bay Packaging, 932 P.2d at 1096.

petition states only state law claims, its claims are based in part on conduct related to underlying claimed federal trademarks and require a showing that that conduct was not privileged. Dkt. # 2, at 7-9. There are circumstances under which an issue of federal law, even in the absence of a federal claim, could be sufficiently substantial to give rise to federal question jurisdiction. See, e.g., Grable, 545 U.S. 308; Gilmore v. Weatherford, 694 F.3d 1160 (10th Cir. 2012). And while the Court has found that Wohali's claim does not necessarily raise a federal issue, there is clearly an issue of federal law that could arise. Sheltered Wings's removal of the case was not objectively unreasonable. Thus, the Court declines to award attorney fees to Wohali under § 1447(c).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 16) is **granted in part and denied in part**: Wohali's motion is granted as to remand of the case to state court but denied as to its request for costs and attorney fees.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **remand** this case to Tulsa County District Court.

**DATED** this 10th day of June, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE